CHICAGO—FIRST DISTRICT—MARCH, 1917.    529

Du P. de Nemours P. Co. v. Robinson Cont. Co., 204 Ill. App. 529.

E. I. Du Pont de Nemours Powder Company, Defendant in Error, v. S. R. H. Robinson & Son Contracting Company, Plaintiff in Error.

Gen. No. 21,680.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed March 28, 1917.

## Statement of the Case.

Action by E. I. Du Pont de Nemours Powder Company, a corporation, plaintiff, against S. R. H. Robinson & Son Contracting Company, a corporation, defendant, to recover for the balance of an account for explosives and blasting supplies. From a judgment for plaintiff for $2,527.14, upon the striking of defendant's amended affidavit of merits from the files, defendant standing thereby, defendant brings error.

J. R. LINDSAY and N. E. UTT, for plaintiff in error.

E. C. FERGUSON, for defendant in error.

MR. JUSTICE TAYLOR delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when defendant's affidavit of merits is sufficient in action to recover for explosives and blasting powder.* In an action in the Municipal Court to recover for explosives and blasting supplies sold by plaintiff to defendant, where defendant's affidavit of merits sets forth as a defense that the defendant never ordered certain dynamite referred to in the account attached to plaintiff's statement of claim; that defendant ordered dynamite of a different kind and strength, and that plain-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tiff, in purporting to fill defendant's order and in delivering what it represented as dynamite, was guilty of fraud and deceit, which were set forth in detail, *held* that such affidavit was sufficient, taken as a whole, to justify the conclusion, if the statements therein were proven that a fraud had been perpetrated upon defendant by plaintiff and that plaintiff never delivered the merchandise ordered by defendant.

2. APPEAL AND ERROR, § 1034*—*what will be taken judicial notice of.* The Appellate Court will take judicial notice that dynamite is an explosive.

3. SALES, § 282*—*what does not constitute admission of conformance of dynamite with contract.* Where defendant purchased from the plaintiff a quantity of dynamite, *held* that an opportunity by defendant to examine the dynamite delivered and its subsequent use by defendant did not constitute an admission by defendant that the quality of the dynamite was satisfactory and that it conformed to the contract, as a mere examination of the boxes and their contents would not necessarily inform the defendant of the quality of the dynamite.

4. MUNICIPAL COURT OF CHICAGO, § 13*—*what is inappropriate allegation in statement of claim for goods sold and delivered.* An allegation in a statement of claim to recover for goods sold and delivered that the defendant had pending in another court a suit for the purpose of recovering unliquidated damages for an alleged breach of the contract sued on in such statement of claim, *held* to be inappropriate in such statement.

5. MUNICIPAL COURT OF CHICAGO, § 5*—*what constitutes misuse of rules as to prolixity of pleadings.* A great volume of pleadings, as amended and additional statements of claim, in the Municipal Court, *held* to be a misuse of the rules of that court, as such rules were adopted rather to prevent than to increase the prolixity of pleadings in that court.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.